IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| YINPING DONG,<br>Plaintiff,<br>v.<br>MITCH MCINNES, et al.,<br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 4:26-cv-00096-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

This matter is before the Court on Plaintiff's Motion to Restrict Public Access to Previously Filed Exhibits and for Leave to File Redacted Public Versions.[1] Plaintiff seeks to seal certain exhibits to her Amended Complaint[2] and Motion for Leave to File Second Amended Complaint.[3] Specifically, Plaintiff seeks to seal the month and day of her birth, private telephone number, personal email address, specific residential address, booking number and the OTN as contained in Exhibit A of her Complaint.[4] Plaintiff also seeks to seal information contained in the Exhibits A and B filed with her Motion for Leave to File Second Amended Complaint in their entirety.[5] In the alternative, Plaintiff requests to submit a narrowly redacted version of the Exhibits, namely redacting private contact and mailing information of her and others in email correspondence, Plaintiff's month and day of birth in Exhibit B, and personal immigration and account identifiers.[6]

[1] Docket No. 31, filed November 14, 2026.

[2] Docket No. 12.

[3] Docket No. 30.

[4] Docket No. 31, at 2.

[5] *Id.* at 3.

[6] *Id.*

Having reviewed Plaintiff's Motion, it is denied in part and granted in part.

"In the United States, there is both a constitutional (First Amendment) and common law right of public access to judicial documents."[7] "'The party seeking to overcome the presumption' of public access to [court] documents 'bears the burden of showing some significant interest that outweighs the presumption.'"[8] The potential for reputational harm is typically not enough to overcome the heavy presumption in favor of keeping court records open to the public.[9]

Here, the Court can only assume Plaintiff wishes to prevent reputational harm, as Plaintiff has not asserted any significant interest that redaction of the requested information might serve. Plaintiff points primarily to personal contact information. However, every document Plaintiff files contains her contact information, and by filing the documents without redaction and not under seal, Plaintiff has effectively waived the protection of Federal Rule of Civil Procedure 5.2(a) as to her own information.[10] Further, pursuant to DUCivR 10(a)(6)(A), Plaintiff is required to provide her name, address, phone number, and email address in every caption. Thus, sealing this information selected documents accomplishes nothing. As to the booking and OTN numbers, Plaintiff has also failed to assert any interests served by redaction of the information that outweighs the presumption of access. Any allegedly sensitive personal information revealed in her current filings, aside from the immigration information as discussed below, has only the potential for reputational harm,

---

[7] *Veleron Holding, B.V. v. Stanley*, No. 12 Civ. 5966(CM), 2014 WL 1569610, at *6 (S.D.N.Y. Apr. 16, 2014); *see also United States v. Bacon*, 950 F.3d 1286, 1292 (10th Cir. 2020) ("Courts have long recognized a common-law right of access to judicial records.") (citation omitted).

[8] *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)).

[9] *See Miller v. Fluent Home, LLC*, No. 2:20-CV-00641-JCB, 2020 WL 5659051, at *1–2 (D. Utah Sept. 23, 2020) (denying motion to seal despite defendant's claim of reputational harm).

[10] Fed. R. Civ. P. 5.2(h).

which is an insufficient basis to seal the records. Thus, Plaintiff has not met her burden of overcoming the presumption of openness.

As to Plaintiff's request to redact the immigration and account identifiers, Plaintiff has failed to assert any special interest that outweighs the presumption of openness. However, out of an abundance of caution, though not required by Rule 5.2 and not argued by Plaintiff, the Court will permit Plaintiff to file a redacted version of Exhibit B.[11] Plaintiff is permitted to therein redact the receipt number found on pages 1, 4, and 5 of Exhibit B, the applicant number found on pages 1, 4, and 5 of Exhibit B, and the USCIS number on page 5 of Exhibit B. As far as the Court can tell, the specific personal immigration information is irrelevant to the pending case, and exposure of the information may carry an unnecessary risk to Plaintiff's immigration status that the Court is unwilling to subject Plaintiff to.

It is therefore

ORDERED that Plaintiff's Motion to Seal (Docket No. 31) is DENIED in part and GRANTED in part as set forth above. The Clerk is directed to seal Docket No. 30-2.

It is further

ORDERED that Plaintiff refile Exhibits A and B, redacting portions of Exhibit B in accordance with what has been dictated by the Court above by no later than November 25, 2026.

DATED this 20th day of November 2026.

[11] Docket No. 30-2, USCIS Notice of Intent to Deny and Subsequent Approval Notice.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge